UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KURTIS MONSCHKE,

                      Petitioner,

    v.

JAMES N. CROSS and BERNARD WARNER,

                      Respondents.

No. C11-5276 RBL/KLS

ORDER ON MOTIONS FOR EXTENSION, COUNSEL AND TRANSFER

Petitioner Kurtis Monschke filed his pro se petition under 28 U.S.C. § 2254 on April 12, 2011. ECF No. 1. His petition challenges various aspects of his Pierce County trial and raises nine grounds for relief under the federal Constitution. The case was stayed for several months while Mr. Monschke pursued a personal restraint petition in the Washington appellate courts. ECF No. 20. The stay was lifted on November 30, 2011. ECF No. 24. On January 13, 2012, Respondents filed an answer and submitted relevant portions of the state-court record. ECF Nos. 25 and 26. Respondents agreed that Mr. Monschke had exhausted his state remedies with respect to each of the claims. ECF No. 25 at 11.

Mr. Monschke has now filed a motion requesting: (1) a six month extension of time to file his reply to Respondent's answer, (2) appointment of counsel; and, (3) transfer of custody from the United States Bureau of Prisons to a Washington State facility or, in the alternative, to be provided with Washington state case law and other legal materials. ECF No. 27. Respondent opposes the motions. ECF No. 28.

ORDER - 1

**DISCUSSION**

**A.     Motion for Extension of Time**

Mr. Monschke complains that the response to his habeas petition constitutes "a small mountain of paperwork" consisting of over 4,000 pages and suggests that more time is necessary for him to prepare a meaningful reply memorandum. ECF No. 27, pp. 1-2. However, as noted by Respondent, more than 4,600 of the 4,700 pages filed are the records in Mr. Monschke's state court case. Those include the transcripts of his trial, the briefs of the parties on direct appeal and collateral review, and the opinions of the state appellate courts. Respondents are ordinarily required to such materials in federal habeas cases, *see* Rules Governing Section 2254 Proceedings 5(c) & (d). This is the same state-court record the state courts have reviewed and that Mr. Monschke has had access to throughout his state litigation.

Respondents' answer is actually 58 pages long, 45 of those pages are devoted to the merits of Mr. Monschke's nine habeas claims. *See* ECF No. 25. Respondents agreed that Mr. Monschke's habeas claims had all been fairly presented to the Washington Supreme Court, seven of them on direct appeal and two of them in his personal restraint petition. *Id*. at 11. Therefore, the legal claims in this proceeding have been clearly identified and have been previously addressed by Mr. Monschke's state attorneys and by the state courts. In addition, Mr. Monschke was an active participant in his direct appeal (*see* ECF No. 26, Exh. 20 (pro se statement of supplemental grounds on direct appeal)),[1] and his personal restraint petition (*see* ECF No. 26,

---

[1] As noted by Respondents, Monschke prefaced his statement of additional grounds for review on direct appeal by affirming he had received and reviewed the opening brief prepared by his appellate counsel. Exhibit 20 at 1. At several points in that pro se submission Monschke cited to or quoted from the pretrial and trial transcripts in his case. *See id*. at 4-6, 8, 10-15.

ORDER - 2

Exh. 27) was filed on a pro se basis. He also filed his petition in this Court on a pro se basis. ECF No. 1.

In light of the foregoing, the Court finds the six month extension requested to be excessive. Respondents do not oppose a sixty-day extension and the Court finds this shorter extension to be reasonable.

**B.     Motion for Counsel**

There is no right to the appointment of counsel in a non-capital case brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required or unless such appointment is necessary for the effective use of discovery procedures. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *Bonin v. Vasquez*, 999 F.3d 425, 429 (9th Cir. 1993); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases 6(a) and 8(c). The Court has discretion under 18 U.S.C. § 3006(A) to appoint counsel "at any stage of the case if the interests of justice so require." *Weygandt*, 718 F.2d at 954.

No evidentiary hearing has been ordered in this case and at this juncture, it does not appear that discovery procedures are likely to arise. Respondents have argued that Mr. Monschke is not entitled to an evidentiary hearing under any circumstances, *see* ECF No. 25, pp. 13-14 (citing cases), so it is unlikely there will ever be occasion for him to use the discovery process in this habeas proceeding. If the Court later determines an evidentiary hearing is necessary, the Court will revisit this issue and will likely appoint counsel for him at that time.

Accordingly, Mr. Monschke's motion for counsel shall be denied without prejudice. Mr. Monschke may renew his motion in the event the Court orders an evidentiary hearing.

ORDER - 3

**C.     Request for Transfer**

Mr. Monschke states that he has no access to Washington state legal resources at his present place of confinement and requests that the Court either order his transfer back to a state facility in Washington or order Washington Department of Corrections to provide him with those state-law materials. ECF No. 27, p. 2. Mr. Monschke was placed in an out-of-state facility with the United States Bureau of Prisons (BOP) for legitimate penological reasons; specifically, his own safety and security.  ECF No. 28-1 (Declaration of Thomas G. Bohon, Jr.).

Initially, the Court notes that Mr. Monschke has no entitlement to a transfer to the prison of his choice. *White v. Lambert*, 370 F.3d 1002, 1013 (9th Cir. 2004) (prisoners have no constitutional right to be housed in a particular institution).  He does not gain an entitlement to an interstate transfer simply by complaining about his access to legal resources within the BOP. With respect to that access, Mr. Monschke does not complain that he is unable to research the *federal* law aspects of his case. Moreover, he does not identify what particular Washington resources he allegedly needs or explain why he needs them.  It is the petitioner's burden of demonstrating that his state custody violates federal law, federal treaty, or the federal Constitution.  "[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."  *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010); *see also* 28 U.S.C. § 2254(a) (federal court may entertain a state prisoner's habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

Respondents concede that there undoubtedly are state-law aspects to a few of Mr. Monschke's claims (*e.g.*, claim 1, alleging that the aggravating factor under RCW 10.95.020(6) violates the First Amendment), but they argue that those state-law aspects have been present in

ORDER  - 4

his case throughout the state proceedings and were present when Mr. Monschke filed his habeas corpus petition in April 2011. Nothing in Respondents' answer introduced any state-law elements to this case that were not already a part of Mr. Monschke's federal habeas petition.

Mr. Monschke suggests that to deny him the appointment of counsel, a transfer, or greater access to Washington law will effectively deny him access to the courts. *See* ECF No. 27, at 3 (citing, *inter alia*, *Bounds v. Smith*, 430 U.S. 817 (1977)). However, the scope of the First Amendment right of access to the courts is limited:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1998). This limited right of access applies only to the pleading stage of the litigation. *See Cornett v. Donovan*, 51 F.3d 894, 898-99 (9th Cir. 1995) ("[T]he constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action."). Mr. Monschke filed his federal habeas petition and Respondents filed their answer. The Court's order directing a response to Mr. Monschke's petition gives Mr. Monschke the option to file a reply to Respondents' answer. *See* ECF No. 24 ("Petitioner *may* file and serve a response" to Respondents' answer) (emphasis added). Mr. Monschke did not complain that his access to the courts for purposes of filing his habeas petition was inadequate. As noted by Respondent, Mr. Monschke does not have any greater right of access to the courts now, upon the filing of the answer, than he did when he filed his petition. His request for this Court's intervention to order

ORDER - 5

his transfer or to order that he be given greater access to Washington legal resources is, therefore, unnecessary.

Despite the fact he is physically housed in the federal prison system, Mr. Monschke legally remains a Washington inmate and can utilize the same legal services available to other Washington inmates, such as contract attorney services. ECF No. 28-1 (Declaration of Thomas G. Bohon, Jr.) (giving the name and address of the contract attorney Mr. Monschke may contact). Thus, and to the extent Mr. Monschke has an entitlement to state-provided services in order to research the state-law aspects of his case to prepare his optional reply, the Washington Department of Corrections has made those services available to him.

Accordingly, it is **ORDERED:**

(1) Petitioner's motion (ECF No. 27) is **Granted in part and Denied in Part.** Petitioner shall be granted a sixty (60) day extension of time **until April 13, 2012** to file a reply to Respondent's Answer. The Clerk is directed to **re-note** the habeas petition for the Court's consideration for **April 13, 2012.** The remainder of Petitioner's motion (ECF No. 27) is **DENIED.**

(2) The Clerk shall send a copy of this Order to Petitioner and counsel for Respondent.

**DATED** this __17th__ day of February, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 6